UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

TUAN TRAN AND THOMAS DESHAIES,

Plaintiffs,

v.

THE ROMAN CATHOLIC DIOCESE OF
SPRINGFIELD, a corporation sole,

Defendant.

Civil Action No.: _____

0⁵ - 3 0 0 8 5 - KPN

**FILING FEE PAID:**
RECEIPT # _305907_
AMOUNT $ _250.00_
BY DPTY CLK _MM_
DATE _4/12/05_

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

Tuan Tran and Thomas Deshaies ("Plaintiffs") bring this action against the Roman Catholic Diocese of Springfield, a Corporation Sole ("Defendant"). The Plaintiffs' claims arise from the sexual abuse of the Plaintiffs by Bishop Thomas L. Dupre, who was, at the time, the Defendant's employee, servant, and/or agent.

### PARTIES

1.    Tuan Tran ("Tran") resides in California.

2.    Thomas Deshaies ("Deshaies") resides in Connecticut.

3.    The Roman Catholic Diocese of Springfield is a Massachusetts Corporation Sole, with its principal place of business at 65 Elliott Street, Springfield, Massachusetts, which is located in the judicial district of Massachusetts and, more particularly, Springfield, Hampden County, Massachusetts.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity between the Plaintiffs and the Defendant and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      Personal jurisdiction is proper over the Defendant because its principal place of business is in Massachusetts, it has purposefully availed itself of the laws and benefits of Massachusetts, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) because subject matter jurisdiction is founded on diversity of citizenship and the Defendant "resides" in this judicial district.  Venue in this division is appropriate pursuant to Local Rule 40.1(D)(1)(c) because the only party residing in this judicial district (the Defendant) "resides" in a county within this division.

## STATEMENT OF FACTS

7.      Bishop Thomas L. Dupre ("Dupre") is an ordained priest.

8.      Dupre was assigned by the Defendant to the Nativity of the Blessed Virgin Mary Parish ("Nativity Parish") in 1973.

9.      Dupre served at the Nativity Parish until 1977.

10.     Dupre served as Chancellor of the Defendant from 1977 to 1995 and as Auxiliary Bishop beginning in approximately 1990.  In 1995, Dupre was elevated to Bishop of the Defendant, a position he held until February 2004.

11.     Upon information and belief, the Defendant, at all relevant times, paid Dupre a regular salary and provided him benefits associated with employment by the Defendant.

12.     Upon information and belief, at all relevant times, Dupre believed he was employed by the Defendant and the Defendant believed it employed Dupre.

13.     In or about 1975, Tran (a Vietnamese refugee) came to this country with certain family members and settled in the Springfield, Massachusetts area. After arriving in this country, Tran and his family were sponsored by a Springfield-area parish and lived in the Nativity Parish convent. At that time, Dupre was assigned by the Defendant as a priest in Nativity Parish.

14.     While acting as a priest at the Nativity Parish, Dupre befriended Tran and his family. In doing so, Dupre taught Tran and some of his family members English. Dupre also helped Tran with his schoolwork. Dupre's tutoring of Tran and other conduct gained Tran's and his family's trust. That conduct generally was sanctioned and encouraged by the Defendant.

15.     After using his position as a priest at the Nativity Parish to foster trust in him with Tran and his family, Dupre sexually abused Tran, then a minor, for a period of years.

16.     Dupre also befriended Deshaies after Dupre began abusing Tran. Deshaies first met and was abused by Dupre in the Rectory at Saint Louis de France Parish. Thereafter, Dupre sexually abused Deshaies, then a minor, for a period of years.

17.     Dupre's befriending Deshaies and providing him support and guidance was conduct generally sanctioned and encouraged by the Defendant.

18.     Dupre also sought to convince Deshaies to become a priest and discussed Catholicism with him.

19.     Dupre used his position as a priest to convince Deshaies's family to let Dupre spend time with Deshaies, during which time Dupre sexually abused Deshaies.

20.     Dupre used his fiduciary position as a priest to gain the Plaintiffs' trust and abuse them. Dupre's sexual abuse of the Plaintiffs occurred in various locations, including, without limitation, in Massachusetts.

21.     Dupre also sexually abused the Plaintiffs during trips with Dupre in Vermont, New Hampshire, New York, and Canada.

22.     Dupre engaged in threatening, intimidating, and coercive behavior toward the Plaintiffs, including, without limitation, showing them pictures of individuals inflicted with AIDS and commenting that sexual contact with others would lead to disease and death.

23.     During the period of his sexual abuse, Tran told Dupre that he intended to tell his family about his relationship with Dupre, but was told by Dupre that he would not be believed.

24.     In approximately 1990, when Dupre learned that he would be elevated to the position of Auxiliary Bishop of the Defendant, he contacted the Plaintiffs and told both of them that he would not accept the appointment unless they remained silent about the sexual abuse they had suffered by Dupre and that if the abuse became known, it would cause embarrassment to the Church and to their families.

25.     Despite being aware of Dupre's conduct, until recently Tran did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was Dupre's sexual abuse. Indeed, Tran only made a causal connection between Dupre's conduct and his harm in 2003.

26.     Despite being aware of Dupre's conduct, until recently Deshaies did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was Dupre's sexual abuse. Indeed, Deshaies only made the causal connection between Dupre's conduct and his harm in 2003.

27.    The Plaintiffs have suffered significant emotional and psychological harm and pain and suffering as a result of the sexual abuse and other wrongful conduct of Dupre.

STATEMENT OF CLAIMS

COUNT I

(Battery/Vicarious Liability – Tran v. Defendant)

28.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

29.    Dupre's sexual abuse of Tran constitutes separate intentional and overt acts.

30.    Dupre's intentional and overt acts were separately and collectively unwanted, unjustified, and without Tran's consent.

31.    Dupre's intentional and overt acts proximately caused Tran damages.

32.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

33.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT II

### (Assault/Vicarious Liability – Tran v. Defendant)

34.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

35.    Dupre's sexual abuse of Tran constitutes separate intentional and overt acts.

36.    Dupre's intentional and overt acts created an apprehension of immediate physical harm on the part of Tran.

37.    Tran's apprehension was reasonable.

38.    Dupre's intentional and overt acts caused Tran damages.

39.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

40.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT III

### (Intentional Infliction of Emotional Distress/Vicarious Liability – Tran v. Defendant)

41.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

6

42.    Dupre knew or should have known that emotional distress was the likely result of his conduct.

43.    Dupre's conduct was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

44.    Dupre's actions proximately caused Tran's emotional distress.

45.    Tran's emotional distress was severe and of a nature that no reasonable man could be expected to endure.

46.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

47.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT IV

### (Negligent Infliction of Emotional Distress/Vicarious Liability – Tran v. Defendant)

48.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

49.    Dupre owed a duty of care to Tran based on their special relationships including, but not limited to, as priest and parishioner and inviter and invitee.

50.    Dupre breached that duty of care.

7

51.    Dupre's negligence proximately caused Tran's severe emotional distress and Tran suffered physical harm manifested by objective symptomatology.

52.    A reasonable person would have suffered severe emotional distress under the circumstances.

53.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

54.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT V

### (Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS Ch. 12, §§ 11H and 11I/Vicarious Liability– Tran v. Defendant)

55.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

56.    Dupre interfered with or attempted to interfere with Tran's rights secured by the laws of the Commonwealth through threats, intimidation, and/or coercion.

57.    Dupre's conduct proximately caused Tran damages.

58.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary

precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

59.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT VI

### (Battery/Vicarious Liability – Deshaies v. Defendant)

60.    Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

61.    Dupre's sexual abuse of Deshaies constitutes separate intentional and overt acts.

62.    Dupre's intentional and overt acts were unwanted, unjustified, and without Deshaies's consent.

63.    Dupre's intentional and overt acts proximately caused Deshaies damages.

64.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

65.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of

9

authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT VII

### (Assault/Vicarious Liability – Deshaies v. Defendant)

66.    Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

67.    Dupre's sexual abuse of Deshaies constitutes separate intentional and overt acts.

68.    Dupre's intentional and overt acts created an apprehension of immediate physical harm on the part of Deshaies.

69.    Deshaies's apprehension was reasonable.

70.    Dupre's intentional and overt acts proximately caused Deshaies damages.

71.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment.  As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

72.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT VIII

### (Intentional Infliction of Emotional Distress/Vicarious Liability – Deshaies v. Defendant)

73.    Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

74.    Dupre knew or should have known that emotional distress was the likely result of his conduct.

75.    Dupre's conduct was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

76.    Dupre's actions proximately caused Deshaies's severe emotional distress.

77.    Deshaies's emotional distress was severe and of a nature that no reasonable man could be expected to endure.

78.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

79.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

11

## COUNT IX

### (Negligent Infliction of Emotional Distress/Vicarious Liability – Deshaies v. Defendant)

80.     Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

81.     Dupre owed a duty of care to Deshaies based on their special relationships including, but not limited to, as priest and parishioner and inviter and invitee.

82.     Dupre breached that duty of care.

83.     Dupre's negligence proximately caused Deshaies's severe emotional distress and Deshaies suffered physical harm manifested by objective symptomatology.

84.     A reasonable person would have suffered severe emotional distress under the circumstances.

85.     Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

86.     In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

12

## COUNT X

### (Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS Ch. 12, §§ 11H and 11I/Vicarious Liability – Deshaies v. Defendant)

87.    Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

88.    Dupre interfered with or attempted to interfere with Deshaies's rights secured by the laws of the Commonwealth through threats, intimidation, and/or coercion.

89.    Dupre's conduct proximately caused Deshaies damages.

90.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

91.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

### REQUESTS FOR RELIEF

A.    With respect to Count I, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiffs' damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

B.      With respect to Count II, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

C.      With respect to Count III, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

D.      With respect to Count IV, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

E.      With respect to Count V, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

F.      With respect to Count VI, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

G.      With respect to Count VII, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

H.      With respect to Count VIII, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

I.      With respect to Count IX, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus

interest, costs, and attorneys' fees.

J.    With respect to Count X, enter judgment for plaintiff Deshaies and order the

Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus

interest, costs, and attorneys' fees.

**JURY DEMAND**

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

TUAN TRAN and
THOMAS DESHAIES,

By their attorneys:

Robert A. Sherman, BBO #458520
David G. Thomas, BBO #640854
Salo L. Zelermyer, BBO #661228
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  April 11, 2005

15

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thomas Deshaies and Tuan Tran

**DEFENDANTS**

The Roman Catholic Diocese of Springfield

**(b)** County of Residence of First Listed Plaintiff    Hartford, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Hampden, MA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

David G. Thomas, Esq., Greenberg Traurig, One International Place, 20th Floor, Boston, MA 02110, (617) 310-6025

Attorneys (If Known)

05-30085-

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  |  PERSONAL INJURY | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - Product Liability | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws  ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation  ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights  ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | Liability  ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit  ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud  ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service  ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff)  ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General  ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other |  |  | Under Equal Access |
| ☐ 290 All Other Real Property | Employment | ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sec 1332--the Plaintiffs hereby file this case in federal court*

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
04/05/2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

*as they are currently citizens of different state and the sum or value in controversy exceeds $75,000, exclusive of interest and costs.

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as requi ed by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, givi ng both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the ti ne of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cas 2s, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noti ng in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in c ne of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to t ie Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and b ox 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of t ie different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this secti on for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficie nt to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, sele ct the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petitic n for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistri :t litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this be x is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statut :s unless diversity.          Example:          U.S. Civil Statute: 47 USC 553
                                                   Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbei s and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____
    Thomas Deshaies v. The Roman Catholic Diocese of Springfield

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
    rule 40.1(a)(1)).

    [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    [✔] III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    [ ]  IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.    150, 152, 153.                          05 - 30085 - KPN

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES [ ]      NO [✔]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
    §2403)
                                                        YES [ ]      NO [X]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES [ ]      NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES [ ]      NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES [ ]      NO [X]

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division  [ ]         Central Division  [ ]         Western Division  [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
          residing in Massachusetts reside?

          Eastern Division  [ ]         Central Division  [ ]         Western Division  [✔]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
    submit a separate sheet identifying the motions)

                                                        YES [ ]      NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    David G. Thomas, Esq. , c/o Greenberg Traurig
ADDRESS           One International Place, 20th Floor, Boston, MA  02110
TELEPHONE NO.     (617) 310-6025

(CategoryForm.wpd - 2/15/05)