UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30085-MAP

TUAN TRAN AND THOMAS DESHAIES
PLAINTIFFS

V.

THE ROMAN CATHOLIC DIOCESE OF SPRINGFIELD,[1]
A CORPORATION SOLE
DEFENDANT

### DEFENDANT'S MOTION TO DISMISS.

Now comes the defendant Roman Catholic Bishop of Springfield, a Corporation Sole, (hereafter "RCB") and moves to dismiss this action on the ground that the plaintiffs are already prosecuting another action in state court based on the same alleged facts against the RCB's alleged agent and based on the alleged conduct of the RCB's alleged agents. See <u>Tuan Tran and Thomas Deshaies v. Thomas L. Dupre</u>, Hampden Superior Court Civil Action No. 04-265 (hereinafter referred to as the "State Court Action".) A copy of the complaint in the State Court Action is attached as Exhibit 1.

1.      In the instant case, the alleged liability of the sole defendant RCB is premised on "vicarious liability" for the alleged sexual abuse of the plaintiffs by the RCB's for-mer bishop, Thomas L. Dupre ("Dupre") The sole defendant in plaintiffs' State Court Action is Dupre, who is sued in that action for the very same alleged acts of sexual abuse. While the plaintiffs chose to sue only the RCB, as principal, in the

---

[1]

The defendant is misnamed.  Its correct name is the Roman Catholic Bishop of Springfield, a Corporation Sole.

instant action, and not Dupre, the allegations of sexual abuse in the instant action are, in all respects, the same as the allegations of sexual abuse set forth in the State Court Action.

2. Each count against the RCB in the instant action is specifically grounded in the theory of "vicarious liability," and each count alleges "in the alternative" that even if Dupre's wrongful conduct occurred outside the scope of his employment, the RCB is allegedly "still vicariously liable for the damages caused ..." because the RCB allegedly "placed and kept Dupre in a position of authority," thereby aiding Dupre in committing the alleged sexual abuse.

3. Thus, in what appears to be pure forum shopping, plaintiffs' counsel has elected to split the two plaintiffs' respective causes of action against these two defendants by suing the alleged agent in state court and the alleged principal in federal court.

4. It is settled law that a plaintiff may not split a cause of action in this manner. Under principles of issue preclusion, claim preclusion and res judicata, the factual findings, verdict and judgment in the State Court Action will necessarily preclude and/or dictate findings in the instant action.[2]

5. The instant lawsuit seeks to impose liability on the RCB under principles of vicari-

---

[2]

    Actually, plaintiff's have filed three lawsuits based upon the same alleged sexual misconduct. Oddly enough, before the plaintiffs sued Dupre in the State Court Action on March 11, 2004, they had already sued Dupre for the same acts in Federal Court. See Tran et al v. Dupre, United States District Court Civil Action 05-CV-30030-MAP. Plaintiffs voluntarily dismissed this federal court action against Dupre on April 11, 2005, the very day they filed against Dupre in Hampden County Superior Court.

ous liability. It is obvious, therefore, that factual findings made in the State Court Action as to whether the alleged agent, Dupre, committed the alleged sexual abuse will be threshold factual determinations which thereafter cannot be relitigated in this court. Put simply, there is simply no way these claims can or should be tried in two different courts.

6.  The clergy sexual abuse cases commenced in state court against the RCB and any priest situated within the Diocese of Springfield have been specially assigned by Justice Suzanne DelVecchio, former Chief Justice of the Superior Court to one superior court judge, Associate Justice John A. Agostini, for all pretrial proceedings and for trial. Accordingly, the State Court Action against Dupre is before Judge Agostini, who has already made a ruling on the application of principles of common law charitable immunity and statutory charitable immunity under G.L.C. 231 §85K in the context of clergy abuse. By splitting their causes of action in this manner, it appears that plaintiffs' counsel is seeking refuge in this court from Judge Agostini's ruling on the issue of charitable immunity, and invite this court into a potential conflict with Judge Agostini on dispositive issues. Thus, reasons of "judicial economy, convenience, fairness and comity--will point [this court] toward declining to exercise jurisdiction over [these plaintiffs'] state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988).

7.  Regardless of motive, the case law makes clear that this type of claim splitting is

3

not permitted. Under the "full faith and credit" clause a plaintiff must try his whole cause of action and his whole case at one time and cannot split up his claim or divide the grounds of recovery. 28 U.S.C.A. §1738; U.S.C.A.Const. art. 4, §1. Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208 (1943); Futura Development Corp. v. Centex Corp., 761 F.2d 33, 42, cert. denied 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 121 (1985). ("Res judicata generally binds parties from litigating or relitigating any issue that was or could have been litigated in a prior adjudication and prevents claim splitting," rejecting plaintiffs' protest that the second "federal action involves different defendants," given that plaintiffs were proceeding on "an alter ego theory" in naming additional defendants in the second action. Id at 43-44. See also Kret By Kret v. Brookdale Hosp. Medical Center, 93 A.D.2d 449, 462 N.Y.S.2d 896, 900, order affirmed 61 N.Y.2d 861, 473 N.Y.S.2d 970, 462 N.E.2d 147 (1984). (The plaintiff improperly brought second malpractice action against a hospital and a resident physician alleging improper fetal monitoring. A previous malpractice action against the attending physician alone, not the resident physician, had resulted in a jury verdict finding no medical malpractice due to improper fetal monitoring. The appellate court reversed the denial of a dismissal motion in the second action, holding that the plaintiff was collaterally estopped to raise the malpractice issue in the second action because the plaintiff had been given a full and fair opportunity to litigate that issue in the previous action. The malpractice issue, improper fetal monitoring, was the same

4

in both actions and the determination of the lack of malpractice was essential to the previous decision. Any verdict exonerating the attending physician would necessarily exonerate the resident physician and the hospital.) See also <u>Bailey v. Metro. Property & Liability Insurance. Co.</u>, 24 Mass.App.Ct. 34, 505 N.E.2d 908, 911, review denied 400 Mass. 1101, 508 N.E.2d 620 (1987). (A passenger injured in an automobile accident was awarded damages against <u>one</u> of the driver's insurers at an arbitration hearing. When he later made claims against a <u>second</u> insurer <u>not</u> named in the first proceeding, the trial court dismissed the second proceeding on grounds of issue preclusion. Declaring that the case should be decided against the plaintiff solely on the ground of issue preclusion, the Supreme Judicial Court held that when the first proceeding afforded the opportunity for the presentation of evidence and argument substantially similar in form and scope to that in the second proceeding, the first proceeding should have the same effect as a judgment on issues necessarily determined.) See <u>Restatement (Second) of Judgments</u> §§18(1), 26(1)(a), providing that a single negligent act causing damage to an individual can be basis of <u>only one cause of action</u> which <u>cannot</u> be divided or split into separate suits and, thus, recovery for part of loss will bar subsequent suit to recover for other elements of damage, unless defendant expressly or impliedly acquiesces to splitting of claim. See <u>Liberty Mut. Insurance. Co. v. National Consol</u>, 34 Mass.App.Ct. 293, 609 N.E.2d 1243 (1993).

8.    The fact that both the instant action and the State Court Action name different

defendants matters not, so long as both actions are grounded on the same factual transactions. All courts have held that claim splitting is not permitted. Not surprisingly, there are few reported cases where a plaintiff has attempted, on the <u>same set of facts</u>, to sue an alleged agent and his alleged principal in two separate suits. In each such reported case, the court has held that a plaintiff may not split a cause of action and try a single claim piecemeal against <u>different</u> defendants <u>one by one</u>. State ex rel. Todd v. Romines, 806 S.W.2d 690, 692 (Mo.App.1991); <u>Miller v. SSI Global Security Service</u>, 892 S.W.2d 732, 734 (Mo.App.1994) See <u>Brisley v. Mahaffey</u>, 87 Okla. 257, 209 P. 920, 1922 (A single cause of action or entire claim or demand cannot be split up or divided so as to make the subject of different actions for <u>different parties</u>, because, if this is done, the separate actions are brought for different parts of such demand or cause of action, and a judgment upon the merits in one will be available as a bar to the others.)

9.    The above authorities make clear that this court may not litigate this matter without regard to the State Court Action, in which the <u>very same factual issues</u> will be determined.. See <u>Corpus Juris Secundum</u> §1001 <u>(Rendering State's Law as Controlling Effect</u>.) ("A federal court must give to a state court judgment the same preclusive effect as would be given the judgment by the courts of the state rendering the judgment," citing <u>Slip Track Systems, Inc. v. Metal-Lite, Inc.</u>, 304 F.3d 1256 (Fed. Cir. 2002).) 28 U.S.C.A. § 1738. Under the federal full faith and credit statute, records and judicial proceedings of a court or copies thereof shall

6

have the same full faith and credit as they have by law or usage in the courts of the state, territory, or possession from which they are taken. <u>McDonald v. City of West Branch, Michigan, Mich.</u>, 104 S.Ct. 1799, 466 U.S. 284, 80 L.Ed.2d 302 (1984).

### Conclusion.

For the reasons set forth above, the court should dismiss this suit without prejudice in order to permit plaintiffs to litigate any and all claims they may have against the RCB in state court along with the claims presented against Dupre, and remand all claims for adjudication in the State Court Action.

Respectfully submitted,
The Roman Catholic Diocese
of Springfield, A Corporation Sole

John J. Egan, Esq. BB0: 151680
Edward J. McDonough, Jr., Esq. BBO: 331590
Egan, Flanagan and Cohen, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

_____ certifies that copies of the foregoing document was served on all parties by fax/mail on 5/27/2005.

0417-050320\91638.wpd

7

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
**CIVIL ACTION NO.**

**04    265**

---

TUAN TRAN AND THOMAS DESHAIES,

      Plaintiffs,

v.

THOMAS L. DUPRE,

      Defendant.

**HAMPDEN COUNTY
SUPERIOR COURT
FILED**

**MAR 1 1 2004**

*Marie A Muzzo*
CLERK-MAGISTRATE

---

**COMPLAINT AND JURY DEMAND**

### NATURE OF ACTION

This action is brought by plaintiffs, Tuan Tran and Thomas Deshaies against the former Bishop of The Roman Catholic Diocese of Springfield, Thomas L. Dupre ("Bishop Dupre") who sexually abused the Plaintiffs over a period of years when the Plaintiffs were minors, thereby causing them to suffer severe emotional and psychological injuries.

### THE PARTIES

1.    Plaintiff, Tuan Tran, is an individual residing in the State of California.

2.    Plaintiff, Thomas Deshaies, is an individual residing in the State of Connecticut.

3.    Defendant, Bishop Dupre, is an individual with a last known address of 76 Elliot Street, Springfield, County of Hampden, Commonwealth of Massachusetts.

### JURISDICTION/VENUE

4.    This Court has personal jurisdiction over Bishop Dupre pursuant to Massachusetts General Laws because Bishop Dupre purposefully availed himself of the laws and benefits of the Commonwealth of Massachusetts and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

o. of Plfs. _____ 2
ıe Paid - $ ____ 480 _____ Cash - Check
ırcharge Paid - $ ____ 15 _____ Cash - Check
ıcurity Fee - Paid - $ 20 _____ Cash - Check
ıceived by _____ Kui-a

**EXHIBIT _____ 1**

5. Venue is proper in Hampden County pursuant to Massachusetts General Laws Chapter 233, § 1 because one of the parties resides or has a usual place of business in Hampden County, Commonwealth of Massachusetts.

## STATEMENT OF FACTS

6. Bishop Dupre is an ordained priest.

7. Bishop Dupre served in a variety of positions with the Roman Catholic Diocese of Springfield, including the position of Auxiliary Bishop beginning in approximately 1990.

8. In 1995, Bishop Dupre was elevated to the position of Bishop of The Roman Catholic Diocese of Springfield, a position he held until February, 2004.

9. In or about 1975, the plaintiff Tuan Tran, a Vietnamese refugee, came to this country with members of his family and settled in the Springfield area.

10. After their arrival, Tuan Tran and his family were sponsored by a Springfield area parish and lived in the convent of the parish.

11. At that time, Bishop Dupre was assigned as a priest to that parish.

12. Bishop Dupre befriended Tuan Tran shortly after his arrival in Springfield.

13. Bishop Dupre sexually abused Tuan Tran for a period of years, when Tuan Tran was a minor.

14. The sexual abuse included, among other acts, masturbation, oral sex and digital penetration.

15. Bishop Dupre, in connection with many of the acts of sexual abuse, provided Tuan Tran with alcohol which he consumed.

16. Bishop Dupre also introduced Tuan Tran to gay pornography.

17. Bishop Dupre's sexual abuse of Tuan Tran occurred in various locations,

2

**EXHIBIT** 1

including but not limited to Vermont, New Hampshire, New York and Canada.

18.    The plaintiff, Thomas Deshaies, then a minor, was an acquaintance of Tuan Tran.

19.    Bishop Dupre also befriended Thomas Deshaies at a point after the sexual abuse of Tuan Tran began.

20.    Bishop Dupre sexually abused Thomas Deshaies for a period of years.

21.    The sexual abuse of Thomas Deshaies included, among other acts, masturbation and oral sex.

22.    There were many occasions when Tuan Tran and Thomas Deshaies were sexually abused together, including many acts which occurred on trips outside of Massachusetts.

23.    Bishop Dupre provided alcohol to Thomas Deshaies when Thomas Deshaies was a minor which Thomas Deshaies consumed. Bishop Dupre also provided Thomas Deshaies with gay pornography.

24.    Bishop Dupre engaged in threatening, intimidating and coercive behavior toward the plaintiffs, including showing Thomas Deshaies pictures of individuals inflicted with AIDS and commenting that if Tuan Tran had sexual contact with others he would die.

25.    During the period of his sexual abuse, Tuan Tran told Bishop Dupre that he intended to tell his family about his relationship with Bishop Dupre, but was told by Bishop Dupre that he would not be believed.

26.    In approximately 1990, when Bishop Dupre learned that he would be elevated to the position of Auxiliary Bishop of the Springfield Diocese, he contacted the plaintiffs and told them that he would not accept the appointment unless they remained silent about the sexual abuse they had suffered at his hands; if the abuse became known, it would cause embarrassment to the Church.

EXHIBIT ___|___

27.    Despite being aware of Bishop Dupre's conduct, until recently Tuan Tran did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was Bishop Dupre's sexual abuse. Indeed, Tuan Tran only made a causal connection between Bishop Dupre's conduct and his harm within the past year. Accordingly, the applicable statute of limitations did not begin to run until recently. See generally, Doe v. Creighton, 439 Mass. 281 (2003); Ross v. Garabedian, 433 Mass. 360 (2001).

28.    Similarly, Thomas Deshaies, despite being aware of Bishop Dupre's conduct, until recently did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was Bishop Dupre's sexual abuse. Indeed, Thomas Deshaies only made the causal connection between Bishop Dupre's conduct and his harm within the past year. Accordingly, the applicable statute of limitations did not begin to run until recently. See generally, Doe v. Creighton, 439 Mass. 281 (2003); Ross v. Garabedian, 433 Mass. 360 (2001).

29.    Both Tuan Tran and Thomas Deshaies have suffered significant emotional and psychological harm and pain and suffering as a result of the inappropriate sexual and other conduct of Bishop Dupre as described herein.

### STATEMENT OF CLAIMS

### COUNT I

### (Battery – Tuan Tran v. Thomas Dupre)

30.    Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

31.    The defendant intentionally sexually abused Tuan Tran, including but not limited to acts of masturbation, oral sex and digital penetration.

32.    Bishop Dupre's touching was unwanted, unjustified, and without the plaintiff's

4

**EXHIBIT    I**

consent, and caused him harm.

WHEREFORE, Plaintiff Tuan Tran respectfully requests that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT II

### (Assault – Tuan Tran against Thomas Dupre)

33. Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

34. Bishop Dupre sexually abused Tuan Tran, including but not limited to acts of masturbation, oral sex and digital penetration.

35. Bishop Dupre created an apprehension of immediate physical harm on the part of Tuan Tran as a result of these and other overt acts.

36. Tuan Tran's apprehension was reasonable.

37. As a direct and proximate result of Bishop Dupre's actions, Tuan Tran has been injured.

WHEREFORE, Plaintiff Tuan Tran respectfully requests that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT III

### (Intentional Infliction of Emotional Distress – Tuan Tran against Thomas Dupre)

38. Tuan Tran realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

39. The Defendant's conduct, as described herein, was intentional, extreme and

EXHIBIT ____|____

outrageous, and the Defendant was not privileged to engage in such conduct.

40.    As a direct and proximate result of such conduct, Tuan Tran has been damaged severely, including, without limitation, suffering from a crisis of faith and spirituality, as well as the inability to trust himself and others, which has manifested in objective physical symptoms.

WHEREFORE, Plaintiff Tuan Tran respectfully requests that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT IV

### (Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS Ch. 12, §§ 11H and 11I – Tuan Tran against Thomas Dupre)

41.    Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

42.    Dupre interfered with or attempted to interfere with Tuan Tran's rights secured by the laws of the Commonwealth though threats, intimidation, and/or coercion.

43.    As a direct and proximate result of the conduct of the defendant, Tuan Tran has been damaged.

WHEREFORE, Plaintiff Tuan Tran respectfully request that this Court enter judgment for Tuan Tran and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees and all such further relief as this Court deems appropriate.

## COUNT V

### (Battery – Thomas Deshaies  v. Thomas Dupre)

44.    Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

45.    The defendant intentionally sexually abused Thomas Deshaies, including but not

6

EXHIBIT ___|_____

limited to acts of masturbation and oral sex.

46.     Bishop Dupre's touching was unwanted, unjustified, and without the plaintiff's

consent, and caused damage to the Plaintiff.

WHEREFORE, Plaintiff Thomas Deshaies respectfully request that this Court enter

judgment for him and award damages in an amount to be determined by this Court, plus

interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT VI

### (Assault – Thomas Deshaies against Thomas Dupre)

47.     Plaintiff realleges and incorporates by reference herein in their entirety the

allegations contained in above paragraphs.

48.     Bishop Dupre sexually abused Thomas Deshaies, including but not limited to acts

of masturbation and oral sex.

49.     Bishop Dupre created an apprehension of immediate physical harm on the part of

Thomas Deshaies as a result of these and other overt acts.

50.     Thomas Deshaies's apprehension was reasonable.

51.     As a direct and proximate result of Bishop Dupre's actions, Thomas Deshaies has

been injured.

WHEREFORE, Plaintiff Thomas Deshaies respectfully requests that this Court enter

judgment for him and award damages in an amount to be determined by this Court, plus

interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT VII

### (Intentional Infliction of Emotional Distress – Thomas Deshaies against Thomas Dupre)

52.     Thomas Deshaies realleges and incorporates by reference herein in their entirety

EXHIBIT    |

the allegations contained in above paragraphs.

53.    The defendant's conduct, as described herein, was intentional, extreme and outrageous, and the defendant was not privileged to engage in such behavior.

54.    As a direct and proximate result of such conduct, Thomas Deshaies has been damaged severely, including, without limitation, suffering from a crisis of faith and spirituality, as well as the inability to trust himself and others, which has manifested in objective physical symptoms.

WHEREFORE, Plaintiff Thomas Deshaies respectfully requests that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT VIII

### (Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS Ch. 12, §§ 11H and 11I – Thomas Deshaies against Thomas Dupre)

55.    Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

56.    Bishop Dupre interfered with or attempted to interfere with Thomas Deshaies's rights secured by the laws of the Commonwealth though threats, intimidation, and/or coercion.

57.    As a direct and proximate result of the conduct of the defendant, Thomas Deshaies has been damaged.

WHEREFORE, Plaintiff Thomas Deshaies respectfully request that this Court enter judgment for Thomas Deshaies and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees and all such further relief as this Court deems appropriate.

8

EXHIBIT    1

## JURY DEMAND

## PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

TUAN TRAN and
THOMAS DESHAIES,

By their attorneys,

Roderick MacLeish, Jr., BBO #388110
Robert A. Sherman, BBO #458520
James Ponsetto, BBO #556144
David G. Thomas BBO # 640854
Gina Dines Holness BBO# 557714
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001

Dated: March 11, 2004

\\bos-srv01\103277v01

EXHIBIT _____|_____ __