# **EXHIBIT 1**

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
**CIVIL ACTION NO.**

TUAN TRAN AND THOMAS DESHAIES,

     Plaintiffs,

v.

THOMAS L. DUPRE,

     Defendant.

**COMPLAINT AND JURY DEMAND**

### NATURE OF ACTION

This action is brought by plaintiffs, Tuan Tran and Thomas Deshaies against the former Bishop of The Roman Catholic Diocese of Springfield, Thomas L. Dupre ("Bishop Dupre") who sexually abused the Plaintiffs over a period of years when the Plaintiffs were minors, thereby causing them to suffer severe emotional and psychological injuries.

### THE PARTIES

1.    Plaintiff, Tuan Tran, is an individual residing in the State of California.

2.    Plaintiff, Thomas Deshaies, is an individual residing in the State of Connecticut.

3.    Defendant, Bishop Dupre, is an individual with a last known address of 76 Elliot Street, Springfield, County of Hampden, Commonwealth of Massachusetts.

### JURISDICTION/VENUE

4.    This Court has personal jurisdiction over Bishop Dupre pursuant to Massachusetts General Laws because Bishop Dupre purposefully availed himself of the laws and benefits of the Commonwealth of Massachusetts and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

5.     Venue is proper in Hampden County pursuant to Massachusetts General Laws Chapter 233, § 1 because one of the parties resides or has a usual place of business in Hampden County, Commonwealth of Massachusetts.

## STATEMENT OF FACTS

6.     Bishop Dupre is an ordained priest.

7.     Bishop Dupre served in a variety of positions with the Roman Catholic Diocese of Springfield, including the position of Auxiliary Bishop beginning in approximately 1990.

8.     In 1995, Bishop Dupre was elevated to the position of Bishop of The Roman Catholic Diocese of Springfield, a position he held until February, 2004.

9.     In or about 1975, the plaintiff Tuan Tran, a Vietnamese refugee, came to this country with members of his family and settled in the Springfield area.

10.     After their arrival, Tuan Tran and his family were sponsored by a Springfield area parish and lived in the convent of the parish.

11.     At that time, Bishop Dupre was assigned as a priest to that parish.

12.     Bishop Dupre befriended Tuan Tran shortly after his arrival in Springfield.

13.     Bishop Dupre sexually abused Tuan Tran for a period of years, when Tuan Tran was a minor.

14.     The sexual abuse included, among other acts, masturbation, oral sex and digital penetration.

15.     Bishop Dupre, in connection with many of the acts of sexual abuse, provided Tuan Tran with alcohol which he consumed.

16.     Bishop Dupre also introduced Tuan Tran to gay pornography.

17.     Bishop Dupre's sexual abuse of Tuan Tran occurred in various locations,

2

including but not limited to Vermont, New Hampshire, New York and Canada.

18.    The plaintiff, Thomas Deshaies, then a minor, was an acquaintance of Tuan Tran.

19.    Bishop Dupre also befriended Thomas Deshaies at a point after the sexual abuse of Tuan Tran began.

20.    Bishop Dupre sexually abused Thomas Deshaies for a period of years.

21.    The sexual abuse of Thomas Deshaies included, among other acts, masturbation and oral sex.

22.    There were many occasions when Tuan Tran and Thomas Deshaies were sexually abused together, including many acts which occurred on trips outside of Massachusetts.

23.    Bishop Dupre provided alcohol to Thomas Deshaies when Thomas Deshaies was a minor which Thomas Deshaies consumed. Bishop Dupre also provided Thomas Deshaies with gay pornography.

24.    Bishop Dupre engaged in threatening, intimidating and coercive behavior toward the plaintiffs, including showing Thomas Deshaies pictures of individuals inflicted with AIDS and commenting that if Tuan Tran had sexual contact with others he would die.

25.    During the period of his sexual abuse, Tuan Tran told Bishop Dupre that he intended to tell his family about his relationship with Bishop Dupre, but was told by Bishop Dupre that he would not be believed.

26.    In approximately 1990, when Bishop Dupre learned that he would be elevated to the position of Auxiliary Bishop of the Springfield Diocese, he contacted the plaintiffs and told them that he would not accept the appointment unless they remained silent about the sexual abuse they had suffered at his hands; if the abuse became known, it would cause embarrassment to the Church.

27.     Despite being aware of Bishop Dupre's conduct, until recently Tuan Tran did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was Bishop Dupre's sexual abuse.  Indeed, Tuan Tran only made a causal connection between Bishop Dupre's conduct and his harm within the past year.  Accordingly, the applicable statute of limitations did not begin to run until recently.  See generally, Doe v. Creighton, 439 Mass. 281 (2003); Ross v. Garabedian, 433 Mass. 360 (2001).

28.     Similarly, Thomas Deshaies, despite being aware of Bishop Dupre's conduct, until recently did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was Bishop Dupre's sexual abuse.  Indeed, Thomas Deshaies only made the causal connection between Bishop Dupre's conduct and his harm within the past year.  Accordingly, the applicable statute of limitations did not begin to run until recently.  See generally, Doe v. Creighton, 439 Mass. 281 (2003); Ross v. Garabedian, 433 Mass. 360 (2001).

29.     Both Tuan Tran and Thomas Deshaies have suffered significant emotional and psychological harm and pain and suffering as a result of the inappropriate sexual and other conduct of Bishop Dupre as described herein.

### STATEMENT OF CLAIMS

### COUNT I

### (Battery – Tuan Tran v. Thomas Dupre)

30.     Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

31.     The defendant intentionally sexually abused Tuan Tran, including but not limited to acts of masturbation, oral sex and digital penetration.

32.     Bishop Dupre's touching was unwanted, unjustified, and without the plaintiff's

4

consent, and caused him harm.

WHEREFORE, Plaintiff Tuan Tran respectfully requests that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT II

### (Assault – Tuan Tran against Thomas Dupre)

33.    Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

34.    Bishop Dupre sexually abused Tuan Tran, including but not limited to acts of masturbation, oral sex and digital penetration.

35.    Bishop Dupre created an apprehension of immediate physical harm on the part of Tuan Tran as a result of these and other overt acts.

36.    Tuan Tran's apprehension was reasonable.

37.    As a direct and proximate result of Bishop Dupre's actions, Tuan Tran has been injured.

WHEREFORE, Plaintiff Tuan Tran respectfully requests that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT III

### (Intentional Infliction of Emotional Distress – Tuan Tran against Thomas Dupre)

38.    Tuan Tran realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

39.    The Defendant's conduct, as described herein, was intentional, extreme and

outrageous, and the Defendant was not privileged to engage in such conduct.

40.    As a direct and proximate result of such conduct, Tuan Tran  has been damaged severely, including, without limitation, suffering from a crisis of faith and spirituality, as well as the inability to trust himself and others, which has manifested in objective physical symptoms.

WHEREFORE, Plaintiff Tuan Tran respectfully requests that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT IV

### (Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS Ch. 12, §§ 11H and 11I – Tuan Tran against Thomas Dupre)

41.    Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

42.    Dupre interfered with or attempted to interfere with Tuan Tran's rights secured by the laws of the Commonwealth though threats, intimidation, and/or coercion.

43.    As a direct and proximate result of the conduct of the defendant, Tuan Tran has been damaged.

WHEREFORE, Plaintiff Tuan Tran respectfully request that this Court enter judgment for Tuan Tran and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees and all such further relief as this Court deems appropriate.

## COUNT V

### (Battery – Thomas Deshaies  v. Thomas Dupre)

44.    Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

45.    The defendant intentionally sexually abused Thomas Deshaies, including but not

6

limited to acts of masturbation and oral sex.

46.     Bishop Dupre's touching was unwanted, unjustified, and without the plaintiff's consent, and caused damage to the Plaintiff.

WHEREFORE, Plaintiff Thomas Deshaies respectfully request that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT VI

### (Assault – Thomas Deshaies against Thomas Dupre)

47.     Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

48.     Bishop Dupre sexually abused Thomas Deshaies, including but not limited to acts of masturbation and oral sex.

49.     Bishop Dupre created an apprehension of immediate physical harm on the part of Thomas Deshaies as a result of these and other overt acts.

50.     Thomas Deshaies's apprehension was reasonable.

51.     As a direct and proximate result of Bishop Dupre's actions, Thomas Deshaies has been injured.

WHEREFORE, Plaintiff Thomas Deshaies respectfully requests that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT VII

### (Intentional Infliction of Emotional Distress – Thomas Deshaies against Thomas Dupre)

52.     Thomas Deshaies realleges and incorporates by reference herein in their entirety

the allegations contained in above paragraphs.

53.    The defendant's conduct, as described herein, was intentional, extreme and outrageous, and the defendant was not privileged to engage in such behavior.

54.    As a direct and proximate result of such conduct, Thomas Deshaies has been damaged severely, including, without limitation, suffering from a crisis of faith and spirituality, as well as the inability to trust himself and others, which has manifested in objective physical symptoms.

WHEREFORE, Plaintiff Thomas Deshaies respectfully requests that this Court enter judgment for him and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees, and all such further relief as this Court deems appropriate.

## COUNT VIII

**(Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS
Ch. 12, §§ 11H and 11I – Thomas Deshaies against Thomas Dupre)**

55.    Plaintiff realleges and incorporates by reference herein in their entirety the allegations contained in above paragraphs.

56.    Bishop Dupre interfered with or attempted to interfere with Thomas Deshaies's rights secured by the laws of the Commonwealth though threats, intimidation, and/or coercion.

57.    As a direct and proximate result of the conduct of the defendant, Thomas Deshaies has been damaged.

WHEREFORE, Plaintiff Thomas Deshaies respectfully request that this Court enter judgment for Thomas Deshaies and award damages in an amount to be determined by this Court, plus interests, costs, attorneys' fees and all such further relief as this Court deems appropriate.

8

<u>**JURY DEMAND**</u>

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

TUAN TRAN and
THOMAS DESHAIES,

By their attorneys:

_____
Roderick MacLeish, Jr., BBO #388110
Robert A. Sherman, BBO #458520
James Ponsetto, BBO #556144
David G. Thomas BBO # 640854
Gina Dines Holness BBO# 557714
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  March 11, 2004

\\bos-srv01\103277v01

# EXHIBIT 2

06/21/05 TUE 07:10 FAX 14137371611 HAMPDEN SUPERIOR COURT @002

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss
SUPERIOR COURT
CIV. NO. 02-0385
(and other consolidated
cases)

JOHN DOE
Plaintiff

v

RICHARD R. LAVIGNE, et al.
Defendants

HAMPDEN COUNTY
SUPERIOR COURT
FILED
JUN 17 2005
CLERK-MAGISTRATE

## SCHEDULING ORDER

On Thursday, June 16, 2005, a status conference was held with all parties or representatives present. After reviewing the status reports filed on each case and considering the comments of the parties, the following observations and orders are entered.

1. The case of *Cintron v. Diocese of Springfield*, (Docket number 04-0129), an employment discrimination case, shall be removed from the Special Assignment Order by agreement of the parties and consent of the court.

2. Nineteen cases have been dismissed with prejudice, leaving 14 cases remaining under the Special Assignment Order.

3. This court accepts jurisdiction, under the Special Assignment Order, of the declaratory judgment case captioned, *The Roman Catholic Bishop of Springfield v. Travelers Property Casualty Company, et al*, (Docket Number 05-0602). The court orders that counsel for the plaintiff (Diocese) inform the court in writing after service has been completed and responsive pleadings have been filed from all defendants. The court will endeavor to expedite this litigation and will schedule a status and scheduling conference promptly.

4. Each plaintiff or representative that is subject to the Special Assignment Order shall inform counsel for the Diocese on or before July 8, 2005, whether individual plaintiffs will consent to be bound by the final judgment entered in the declaratory judgment action (Docket number 05-0602). Counsel for the Diocese shall inform the insurance carriers or its representatives of the decision of the respective plaintiffs. If such plaintiffs agree to be bound, the parties will enter into such stipulations or proposed court order as deemed appropriate. If certain plaintiffs do not wish to be bound by any final judgment, the parties to the declaratory judgment action are authorized to implead any such plaintiff into the insurance litigation.

5. The stay of all proceedings remains in effect until and unless vacated by the court.


*SO ORDERED*


6/17/05
_____
Date

_____
Associate Justice, Superior Court

2

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

U.S. DISTRICT COURT

---

TUAN TRAN AND THOMAS DESHAIES,

Plaintiffs,

v.

THE ROMAN CATHOLIC DIOCESE OF
SPRINGFIELD, a corporation sole,

Defendant.

---

Civil Action No.: _____

05 - 30085 - KPN

FILING FEE PAID:
RECEIPT # _305907_
AMOUNT $ _250.00_
BY DPTY CLK _VMA_
DATE _4/12/05_

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

Tuan Tran and Thomas Deshaies ("Plaintiffs") bring this action against the Roman Catholic Diocese of Springfield, a Corporation Sole ("Defendant"). The Plaintiffs' claims arise from the sexual abuse of the Plaintiffs by Bishop Thomas L. Dupre, who was, at the time, the Defendant's employee, servant, and/or agent.

### PARTIES

1.    Tuan Tran ("Tran") resides in California.

2.    Thomas Deshaies ("Deshaies") resides in Connecticut.

3.    The Roman Catholic Diocese of Springfield is a Massachusetts Corporation Sole, with its principal place of business at 65 Elliott Street, Springfield, Massachusetts, which is located in the judicial district of Massachusetts and, more particularly, Springfield, Hampden County, Massachusetts.

## JURISDICTION AND VENUE

4.    Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity between the Plaintiffs and the Defendant and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.    Personal jurisdiction is proper over the Defendant because its principal place of business is in Massachusetts, it has purposefully availed itself of the laws and benefits of Massachusetts, and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) because subject matter jurisdiction is founded on diversity of citizenship and the Defendant "resides" in this judicial district. Venue in this division is appropriate pursuant to Local Rule 40.1(D)(1)(c) because the only party residing in this judicial district (the Defendant) "resides" in a county within this division.

## STATEMENT OF FACTS

7.    Bishop Thomas L. Dupre ("Dupre") is an ordained priest.

8.    Dupre was assigned by the Defendant to the Nativity of the Blessed Virgin Mary Parish ("Nativity Parish") in 1973.

9.    Dupre served at the Nativity Parish until 1977.

10.    Dupre served as Chancellor of the Defendant from 1977 to 1995 and as Auxiliary Bishop beginning in approximately 1990. In 1995, Dupre was elevated to Bishop of the Defendant, a position he held until February 2004.

11.    Upon information and belief, the Defendant, at all relevant times, paid Dupre a regular salary and provided him benefits associated with employment by the Defendant.

2

12.     Upon information and belief, at all relevant times, Dupre believed he was employed by the Defendant and the Defendant believed it employed Dupre.

13.     In or about 1975, Tran (a Vietnamese refugee) came to this country with certain family members and settled in the Springfield, Massachusetts area. After arriving in this country, Tran and his family were sponsored by a Springfield-area parish and lived in the Nativity Parish convent. At that time, Dupre was assigned by the Defendant as a priest in Nativity Parish.

14.     While acting as a priest at the Nativity Parish, Dupre befriended Tran and his family. In doing so, Dupre taught Tran and some of his family members English. Dupre also helped Tran with his schoolwork. Dupre's tutoring of Tran and other conduct gained Tran's and his family's trust. That conduct generally was sanctioned and encouraged by the Defendant.

15.     After using his position as a priest at the Nativity Parish to foster trust in him with Tran and his family, Dupre sexually abused Tran, then a minor, for a period of years.

16.     Dupre also befriended Deshaies after Dupre began abusing Tran. Deshaies first met and was abused by Dupre in the Rectory at Saint Louis de France Parish. Thereafter, Dupre sexually abused Deshaies, then a minor, for a period of years.

17.     Dupre's befriending Deshaies and providing him support and guidance was conduct generally sanctioned and encouraged by the Defendant.

18.     Dupre also sought to convince Deshaies to become a priest and discussed Catholicism with him.

19.     Dupre used his position as a priest to convince Deshaies's family to let Dupre spend time with Deshaies, during which time Dupre sexually abused Deshaies.

3

20.     Dupre used his fiduciary position as a priest to gain the Plaintiffs' trust and abuse them. Dupre's sexual abuse of the Plaintiffs occurred in various locations, including, without limitation, in Massachusetts.

21.     Dupre also sexually abused the Plaintiffs during trips with Dupre in Vermont, New Hampshire, New York, and Canada.

22.     Dupre engaged in threatening, intimidating, and coercive behavior toward the Plaintiffs, including, without limitation, showing them pictures of individuals inflicted with AIDS and commenting that sexual contact with others would lead to disease and death.

23.     During the period of his sexual abuse, Tran told Dupre that he intended to tell his family about his relationship with Dupre, but was told by Dupre that he would not be believed.

24.     In approximately 1990, when Dupre learned that he would be elevated to the position of Auxiliary Bishop of the Defendant, he contacted the Plaintiffs and told both of them that he would not accept the appointment unless they remained silent about the sexual abuse they had suffered by Dupre and that if the abuse became known, it would cause embarrassment to the Church and to their families.

25.     Despite being aware of Dupre's conduct, until recently Tran did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was Dupre's sexual abuse. Indeed, Tran only made a causal connection between Dupre's conduct and his harm in 2003.

26.     Despite being aware of Dupre's conduct, until recently Deshaies did not have knowledge or sufficient notice that he suffered appreciable harm and that the cause of that harm was Dupre's sexual abuse. Indeed, Deshaies only made the causal connection between Dupre's conduct and his harm in 2003.

4

27.    The Plaintiffs have suffered significant emotional and psychological harm and pain and suffering as a result of the sexual abuse and other wrongful conduct of Dupre.

## STATEMENT OF CLAIMS

## COUNT I

### (Battery/Vicarious Liability – Tran v. Defendant)

28.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

29.    Dupre's sexual abuse of Tran constitutes separate intentional and overt acts.

30.    Dupre's intentional and overt acts were separately and collectively unwanted, unjustified, and without Tran's consent.

31.    Dupre's intentional and overt acts proximately caused Tran damages.

32.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment.  As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

33.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

5

## COUNT II

### (Assault/Vicarious Liability – Tran v. Defendant)

34.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

35.    Dupre's sexual abuse of Tran constitutes separate intentional and overt acts.

36.    Dupre's intentional and overt acts created an apprehension of immediate physical harm on the part of Tran.

37.    Tran's apprehension was reasonable.

38.    Dupre's intentional and overt acts caused Tran damages.

39.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment.  As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

40.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT III

### (Intentional Infliction of Emotional Distress/Vicarious Liability – Tran v. Defendant)

41.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

6

42.     Dupre knew or should have known that emotional distress was the likely result of his conduct.

43.     Dupre's conduct was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

44.     Dupre's actions proximately caused Tran's emotional distress.

45.     Tran's emotional distress was severe and of a nature that no reasonable man could be expected to endure.

46.     Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment.  As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

47.     In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT IV

### (Negligent Infliction of Emotional Distress/Vicarious Liability – Tran v. Defendant)

48.     Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

49.     Dupre owed a duty of care to Tran based on their special relationships including, but not limited to, as priest and parishioner and inviter and invitee.

50.     Dupre breached that duty of care.

7

51.    Dupre's negligence proximately caused Tran's severe emotional distress and Tran suffered physical harm manifested by objective symptomatology.

52.    A reasonable person would have suffered severe emotional distress under the circumstances.

53.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment.  As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

54.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT V

### (Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS Ch. 12, §§ 11H and 11I/Vicarious Liability– Tran v. Defendant)

55.    Tran realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

56.    Dupre interfered with or attempted to interfere with Tran's rights secured by the laws of the Commonwealth through threats, intimidation, and/or coercion.

57.    Dupre's conduct proximately caused Tran damages.

58.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary

8

precursor to Dupre's sexual abuse of Tran, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Tran by Dupre.

59.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Tran because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## <u>COUNT VI</u>

### <u>(Battery/Vicarious Liability – Deshaies v. Defendant)</u>

60.    Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

61.    Dupre's sexual abuse of Deshaies constitutes separate intentional and overt acts.

62.    Dupre's intentional and overt acts were unwanted, unjustified, and without Deshaies's consent.

63.    Dupre's intentional and overt acts proximately caused Deshaies damages.

64.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

65.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of

9

authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT VII

### (Assault/Vicarious Liability – Deshaies v. Defendant)

66.    Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

67.    Dupre's sexual abuse of Deshaies constitutes separate intentional and overt acts.

68.    Dupre's intentional and overt acts created an apprehension of immediate physical harm on the part of Deshaies.

69.    Deshaies's apprehension was reasonable.

70.    Dupre's intentional and overt acts proximately caused Deshaies damages.

71.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

72.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

10

## COUNT VIII

### (Intentional Infliction of Emotional Distress/Vicarious Liability – Deshaies v. Defendant)

73.     Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

74.     Dupre knew or should have known that emotional distress was the likely result of his conduct.

75.     Dupre's conduct was extreme, outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

76.     Dupre's actions proximately caused Deshaies's severe emotional distress.

77.     Deshaies's emotional distress was severe and of a nature that no reasonable man could be expected to endure.

78.     Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment.  As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

79.     In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

## COUNT IX

### (Negligent Infliction of Emotional Distress/Vicarious Liability – Deshaies v. Defendant)

80.     Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

81.     Dupre owed a duty of care to Deshaies based on their special relationships including, but not limited to, as priest and parishioner and inviter and invitee.

82.     Dupre breached that duty of care.

83.     Dupre's negligence proximately caused Deshaies's severe emotional distress and Deshaies suffered physical harm manifested by objective symptomatology.

84.     A reasonable person would have suffered severe emotional distress under the circumstances.

85.     Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment. As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

86.     In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

12

## COUNT X

**(Violation of the Massachusetts Civil Rights Act, MASS. GEN. LAWS
Ch. 12, §§ 11H and 11I/Vicarious Liability – Deshaies v. Defendant)**

87.    Deshaies realleges and incorporates by reference herein in their entirety the allegations contained in the above paragraphs.

88.    Dupre interfered with or attempted to interfere with Deshaies's rights secured by the laws of the Commonwealth through threats, intimidation, and/or coercion.

89.    Dupre's conduct proximately caused Deshaies damages.

90.    Dupre's wrongful conduct occurred during the scope of his employment with the Defendant because, in particular, the performance of Dupre's pastoral duties was a necessary precursor to Dupre's sexual abuse of Deshaies, and the abuse was a direct outgrowth of and was engendered by conduct that was within the scope of Dupre's employment.  As a result, the Defendant is vicariously liable for the damages that were caused to Deshaies by Dupre.

91.    In the alternative, even if Dupre's wrongful conduct occurred outside the scope of his employment with the Defendant, the Defendant is still vicariously liable for the damages caused to Deshaies because, in particular, the Defendant placed and kept Dupre in a position of authority, and thereby, the Defendant aided Dupre in committing the wrongful acts alleged herein.

### REQUESTS FOR RELIEF

A.    With respect to Count I, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiffs' damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

13

B.    With respect to Count II, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

C.    With respect to Count III, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

D.    With respect to Count IV, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

E.    With respect to Count V, enter judgment for plaintiff Tran and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

F.    With respect to Count VI, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

G.    With respect to Count VII, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

H.    With respect to Count VIII, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus interest, costs, and attorneys' fees.

I.    With respect to Count IX, enter judgment for plaintiff Deshaies and order the Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus

14

interest, costs, and attorneys' fees.

J.    With respect to Count X, enter judgment for plaintiff Deshaies and order the

Defendant to pay forthwith plaintiff's damages in an amount to be determined by this Court, plus

interest, costs, and attorneys' fees.

**JURY DEMAND**

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

TUAN TRAN and
THOMAS DESHAIES,

By their attorneys:

Robert A. Sherman, BBO #458520
David G. Thomas, BBO #640854
Salo L. Zelermyer, BBO #661228
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, Massachusetts 02110
Tel:  (617) 310-6000
Fax:  (617) 310-6001

Dated:  April 11, 2005