UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA NO: 05-30085-MAP

TUAN TRAN AND THOMAS DESHAIES,
PLAINTIFFS
VS.
THE ROMAN CATHOLIC DIOCESE OF SPRINGFIELD,
DEFENDANT

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM ON THE ISSUE OF ABSTENTION IN SUPPORT OF MOTION TO DISMISS.**

The defendant offers this memorandum for the Court's consideration at oral argument on the defendant's motion to dismiss.

**1.    Under Principles of Abstention, Defendant's Motion Must Be Granted.**

The plaintiffs argue that the defendant's motion is more properly assessed under principles of abstention under the factors set forth by the Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) as applied by the First Circuit in Villa Marina Yacht Sales v. Hatteras Yachts, 915 F.2d 7 (1st Cir. 1990). Without waiving the "claim splitting" arguments advanced under general principles of res judicata set forth in defendant's motion, defendant agrees that the Court must consider dismissing the instant case under Colorado River abstention factors.

**2.    The Colorado River Abstention Factors.**

The Court in Colorado River listed four illustrative factors to be consid-

ered in determining whether "exceptional circumstances" warranting abstention exist: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation, and (4) the order in which the forums obtained jurisdiction. In <u>Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.</u>, 460 U.S. 1, 14-15 (1983) the Court reaffirmed the exceptional circumstances test and added two additional factors: (5) whether state or federal law controls, and (6) the adequacy of the state forum to protect the parties' rights. As recognized by the First Circuit in <u>Villa Marina Yacht Sales v. Hatteras Yachts</u>, 915 F.2d 7 (1st Cir. 1990), other courts have articulated additional factors, such as the presence or absence of concurrent jurisdiction and the "vexatious or contrived nature of the federal claim," see, e.g., <u>Interstate Material Corp. v. City of Chicago</u>, 847 F.2d 1285, 1288 (7th Cir.1988) (listing 10 factors). See also <u>Fuller Co. v. Ramon I. Gil, Inc.</u>, 782 F.2d 306, 309-10 (1st Cir.1986) (affirming district court dismissal and expressing "displeasure at practice of filing federal action in reaction to adverse ruling in state court.")

The weight to be given any single factor may vary greatly depending on the case, and "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required," <u>Colorado River</u>, 424 U.S. at 818-19, 96 S.Ct. at 1246-47.

2

3.  **Under the First Circuit's Admonition in <u>Villa Marina</u>, Plaintiffs' Initial Choice of the State Court as Their Forum, and their Motive to Evade State Court Judge Agostini's Stay and His Ruling Upholding Charitable Immunity in Clergy Abuse Cases, Establish "<u>Exceptional Circumstances</u>" Warranting Abstention.**

It seems plain that above listed factors 3, 4, 5 and 6 weigh strongly in favor of abstention, given that these are state law tort claims where the plaintiff has chosen to sue the alleged tortfeasor in state court and his alleged principal in federal court. But beyond these factor, the "primary factor" favoring dismissal under abstention principles is plaintiffs' own choice to bring their claims in state court.

In <u>Villa Marina Yacht Sales v. Hatteras Yachts</u>, 915 F.2d 7 (1st Cir. 1990), the First Circuit gave strong guidance to lower courts that the "<u>primary factor</u>" in a case "<u>counseling in favor of surrender of federal jurisdiction</u>" is a plaintiff's "<u>decision to file its own suit in the Commonwealth court before initiating its federal action</u>." <u>Id.</u> at 14. In <u>Villa Marina</u>, the First Circuit also took note of the fact that –

> "[B]efore Villa Marina filed the federal suit, the Commonwealth court had <u>rejected</u> its bid for a preliminary injunction barring Yacht Sales from representing Hatteras in Puerto Rico. Thus, if Villa Marina went to federal court <u>solely in reaction to its failure</u> in the Commonwealth court, <u>that fact should be held against it</u> in the <u>Colorado River</u> balance. We previously have <u>criticized such forum-shopping</u> when a Commonwealth defendant "rush[ed] over to the federal courthouse in the hope of obtaining a more favorable determination," <u>Fuller Co.</u>, 782 F.2d at 309-10. The senti-

3

ment applies a fortiori with respect to a Commonwealth plaintiff."

915 F.2d at 15. (emphasis added)

In <u>Villa Marina</u>, the First Circuit analogized to the legislative purpose behind the removal statute which permits <u>only</u> defendants to remove a case, given that a plaintiff has <u>first</u> chosen the state court forum, citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). In <u>Shamrock</u>, the Supreme Court analyzed the removal statute, and quoted from a House Report stating that " '<u>it is believed to be just and proper to require the plaintiff to abide his selection of a forum,</u>' " <u>id.</u> at 106, 61 S.Ct. at 871 (quoting H.R. No. 1078, 49th Cong., 1st Sess. 1 (1887). Villa Marina also cited the Ninth Circuit in <u>American Int'l Underwriters v. Continental Insurance. Co.</u>, 843 F.2d 1253, 1260-61 (9th Cir.1988), which "drew the following conclusion from its research:"

> "In short, ... the removal statute seem[s] to reflect a Congressional intent that a <u>plaintiff should not be permitted to alter the forum that it selects</u> to litigate its claim against a particular defendant."
> 
> <u>American Int'l Underwriters</u> at 1261., cited in <u>Villa Marina</u>, 915 F.2d at 14

<u>Villa Marina</u> also cited the Note, "<u>Federal Court Stays and Dismissals in Deference to Parallel State Court Proceedings: The Impact of Colorado River,</u>"

4

44 U.Chi.L.Rev. 641, 666-667 (1977) (hereinafter "Federal Court Stays") (removal statute arguably expresses a policy determination <u>limiting plaintiff to initial forum,</u> "counterbalanc[ing] the obligation to exercise jurisdiction in the subsequent <u>repetitive</u> federal lawsuit.") (emphasis added)

Thus, while plaintiffs rely on <u>Villa Marina,</u> the case undercuts rather than supports the plaintiffs' argument against dismissal. Two other cases relied on by plaintiffs are also reconcilable with <u>Villa Marina</u>. In <u>Ramirez Commercial Arts (RCA) v. Flexon Company, Inc.</u>, 242 F. Supp.2d (D. Mass. 2002) the party successfully resisting abstention had <u>not</u> first chosen state court as the forum. There, the district judge rejected abstention where the defendant in the federal action, Flexon, had first sued RCA in state court and where RCA had thereafter sued Flexon in federal court. RCA's proper assertion of federal jurisdiction was upheld against an abstention based motion to dismiss, where (unlike the plaintiffs here) RCA had <u>not</u> first elected to sue in state court.

Similarly, in <u>Paul Revere v. Thomas</u>, 66 F.Supp.2d 217 (D. Mass. 1999), also relied on by plaintiffs, the party successfully resisting abstention had <u>not first</u> sued in state court, and the court found no circumstances compelling abstention. That is not true here – the plaintiffs, not the defendant, elected to litigate these tort issues in state court, and they are free to add their claims against the alleged principal (the defendant diocese) to their state court claims against the alleged agent ( the former bishop.)

5

Here, plaintiffs do not dispute that they have consciously chosen to split their cause of action, and candidly concede that "[in] the pending actions at issue here, the common factual determinations will be decided by the first forum to reach a final judgment ..." Plaintiffs' Opposition, page 7. Plaintiffs also acknowledge that they dislike Judge Agostini's stay of the State Court Actions, including their action against the former bishop, and Judge Agostini's ruling in a related clergy abuse case upholding the defense of charitable immunity. Plaintiff seek a better shake in federal court -- why else are they here, with awkwardly split causes of action?

Plaintiffs advance no other reasons for spitting their causes of actions, leaving the court free to infer a motive to avoid these two rulings by the Commonwealth Superior Court. Thus, the plaintiffs have run afoul of the First Circuit's admonition addressed to the trial court in Villa Marina:

> We previously have criticized such forum-shopping when a Commonwealth defendant "rush[ed] over to the federal courthouse in the hope of obtaining a more favorable determination," Fuller Co., 782 F.2d at 309-10. The sentiment applies a fortiori with respect to a Commonwealth plaintiff."
> 915 at 15. (emphasis added)

### CONCLUSION.

Even applying principles of abstention under the factors set forth by the Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) as applied by the First Circuit in Villa Marina Yacht Sales v.

6

Hatteras Yachts, 915 F.2d 7 (1st Cir. 1990), the defendant's motion to dismiss must be granted without prejudice to the plaintiffs' right to join the defendant to their State Court Action.

Respectfully submitted,

The Defendant

_____
Edward J. McDonough, Jr.
Egan, Flanagan and Cohen, P.C.
PO Box 9035 67 Market Street
Springfield MA 01103-9035 Tel:
(413) 737-0260 Fax:
(413) 737-0121 BBO 331590

_____ certifies that copies of this were served on all parties by mail - fax - hand on  9 / 23  2005.